UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DAVID STEVENSON, et al.<br><br>Plaintiffs,<br><br>– against –<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al.,<br><br>Defendants. | **STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**<br><br>21-CV-355 |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiffs David Stevenson and Leslie Stevenson ("Plaintiffs") and Defendants New York State Department of Corrections and Community Supervision, Thomas Sticht, Craig Balcer, Michael Hersperger, and Christopher Yehl ("Defendants") (Plaintiffs and Defendants, collectively, "the Parties") as of April __, 2026:

WHEREAS, Plaintiffs commenced the above-captioned action by filing a Complaint on or about March 10, 2021, (ECF No. 1), alleging claims against Defendants pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e *et seq.*; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.    **Payment to Plaintiffs.** For and in consideration of Plaintiffs' execution of this Settlement Agreement, Plaintiffs' agreement to be bound by its terms, and Plaintiffs' undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5, 6, and 8, the State of New York, on behalf of Defendants, shall pay the total sum of Seventy Five Thousand Dollars and Zero Cents ($75,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

a.    The State of New York, on behalf of Defendants, shall pay the gross sum Seventy Five Thousand Dollars and Zero Cents ($75,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages). The parties agree and stipulate that the settlement is

payment for non-economic and non-wage damages, such as alleged emotional distress, and is not a payment of wages or substitution of wages within the meaning of §104(a)(2) of the Internal Revenue Code ("Non-Wage Payment"), but rather is to be characterized and considered a payment for allegations of non-economic and non-wage damages. The payment made as part of this agreement is solely and exclusively for claims of emotional distress non-economic damages. The foregoing payment shall be made payable to ***The Coppola Firm PLLC as attorneys for Leslie Stevenson and David Stevenson*** and shall be transmitted to The Coppola Firm PLLC, Attn: David M. Goodman, Esq., 4033 Maple Road, Suite 100, Buffalo, NY 14226.

3.       **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiffs and Plaintiffs' attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Status as set forth in Paragraph 7 of this Settlement Agreement.

4.       **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the New York State Attorney General (OAG) of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 2 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under

Paragraphs 2 and 7 of this Settlement Agreement.

Pursuant to CPLR 5003-a(c), payment shall be made within ninety (90) days of the Comptroller's determination that all papers required to effectuate the settlement have been received by him. In the event that payment in full is not made within said ninety-day period, interest shall accrue on the outstanding balance at the rate set forth in CPLR 5004, beginning on the ninety-first day after the Comptroller's determination.

5.      **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs, and that Plaintiffs shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiffs agrees that Plaintiffs will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.      **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support

liens) which may attach to the payment(s) specified in paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs, and that Plaintiffs shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such liens, setoffs, deductions, or recoupments. Plaintiffs agree that Plaintiffs will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

      7.    **Medicare Certification.** Plaintiffs represent and warrant that Plaintiffs are not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on Plaintiffs' behalf by Medicare, and further that Plaintiffs do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiffs agree to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the Attorney General. Plaintiffs acknowledge and understand that receipt of a fully executed Medicare Affirmation by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in paragraph 2 herein, and falls within the category

of "other documentation" and "required documentation" described in Paragraphs 2 and 7 of this Settlement Agreement.

8.    **Responsibility for Medicare Payments or Medicare Liens.** Plaintiffs agree to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in paragraph 7 of this Settlement Agreement. Upon receipt of all required documentation under paragraphs 2 and 7, payment of the settlement amounts specified in paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.    **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of Plaintiffs, Plaintiffs' heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns,

whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or arising directly or indirectly from Plaintiffs' employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; N.Y. Labor Law §§ 194, 740, and 741; N.Y. Civ. Serv. Law § 75-b; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts,

omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiffs are not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiffs are also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiffs from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10.    **No Other Action or Proceeding.** Other than the Action, Plaintiffs represent that Plaintiffs have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

11.    **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiffs consent to the issuance of the payments(s) described above and do hereby, as to the Defendants and the State of New York, release and waive any attorneys' lien that the undersigned attorneys for Plaintiffs may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise to allow the State of New York to issue the payment(s) described above without incurring any liability to the undersigned

attorneys for Plaintiffs for any attorneys' liens the undersigned attorneys for Plaintiffs may have and further releases the Defendants and the State of New York from any liability for any attorneys' liens the undersigned attorneys for Plaintiffs may have in this Action. Nothing herein shall limit or waive any attorneys' lien that the undersigned attorney(s) for Plaintiffs may seek to enforce against a party other than the Defendants or the State of New York.

12.    **No Other Attorneys.** Plaintiffs represent and warrant that, besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.    **No Prevailing Party.** Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions,

subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15.    **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.    **Voluntary Agreement.** Plaintiffs represent that Plaintiffs have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiffs represent that Plaintiffs have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that Plaintiffs understand its terms, contents, and effect. Plaintiffs acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22.    **Severability.** With the exception of Paragraphs 1-14 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23.    **Headings.** The headings contained in this Settlement Agreement are for

convenience of reference only and are not a material part of this Settlement Agreement.

24.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

25.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: April 15, 2026

_____
DAVID STEVENSON

Dated: April 15, 2026

_____
LESLIE STEVENSON

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF ERIE           )

On the 15th day of April, 2026, before me personally came and appeared _David Stevenson and Leslie Stevenson, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: April 15, 2026
       Buffalo, New York

DAVID M. GOODMAN
Notary Public, State of New York
Registration No. 02GO4999341
Qualified in Erie County
My Commission Expires 7/20/20__26

The COPPOLA FIRM PLLC
*Attorneys for Plaintiffs*

By: _____
David Goodman, Esq.
4033 Maple Road, Suite 100
Buffalo, New York 14226
(716) 839-9700
dgoodman@coppolalegal.com

Page 12 of 13

Dated: _____ M... 6 _____, 202 6
      Buffalo, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants New York State Department of Corrections and Community Supervision, Thomas Sticht, Craig Balcer, and Christopher Yehl*

By: _____
Daniel R. Maguire
Assistant Attorney General
350 Main Street
Main Place Tower, Suite 300A
Buffalo, New York 14202
(716) 853-8419
Daniel.maguire@ag.ny.gov

Dated: _____ May 6 _____, 2026
      Albany, New York

LAMARCHE SAFRANKO LAW
*Attorney for Defendant Michael Hersberger*

By: _____
Josh Friedman
987 New Loudon Road
Cohoes, NY 12047
(518) 982-0770
jfriedman@lslawny.com

**SO ORDERED.**

Dated: May 8 , 2026
      Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge

Page 13 of 13

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID STEVENSON, et al.

                                        Plaintiffs,

        – against –

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION et al.,

                                        Defendants.

**AFFIRMATION OF MEDICARE STATUS**

Case No. 21-CV-355

Leslie Stevenson, affirms under penalty of perjury:

1.    I am the Claimant or the Plaintiff or the duly appointed fiduciary for the Claimant or Plaintiff in the above-captioned action ("Action").

2.    I submit this affirmation on personal knowledge as the Claimant or Plaintiff or as the duly appointed fiduciary for the Claimant or Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.    I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my/the injured party's Medicare status due to the injuries alleged in the Action.

4.    I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as Claimant or Plaintiff or duly appointed fiduciary for the Claimant or Plaintiff, required to:

   a.    reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my/injured party's injuries alleged in the Action; and

   b.    use the settlement or judgment proceeds in the Action to pay for my/injured party's future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.      I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6.      I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7.      I /injured party have/has been known by the following names (include all alias name[s], and/or former name[s]): Leslie Kirkpatrick . I acknowledge that I/injured party may be or was identified by this/these name(s) and all these names do, indeed, refer to me/injured party.

8.      I consent to OAG verifying my/injured party's Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9.      I affirm that:

    a.   The Injured Party's social security number is: ███████████

    b.   The Injured Party's date of birth is ███████████

    c.   The Injured Party's gender is _____ FEMALE _____

    d.   If the Injured Party has a Fiduciary, the Fiduciary's mailing address is N/A

    e.   If the Injured Party has a Fiduciary, the Fiduciary's telephone number is N/A

### CURRENT MEDICARE STATUS

*Please initial next to the statements below that apply to your/injured party's current Medicare status.*

10.     As of the effective date of the settlement or judgment in the Action:

    a.   _JLS_  I am not/injured party is not currently receiving, nor have I/injured party ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter "Medicare").

**OR**

11.     As of the effective date of the settlement or judgment in the Action:

    a.   _____  I am/Injured Party is/am a Medicare beneficiary. My/Injured Party's Medicare number is _____. I am aware of my/Injured Party's obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I/Injured Party received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand

Page 2 of 6

that reimbursement directly to Medicare may be made from the proceeds I/Injured Party receive/s from the settlement or judgment in the Action; and, with respect to

    i.    _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    ii.    _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

    iii.    _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of \$_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    iv.    _____ Medicare (Part C and Part D) have confirmed that it/they will accept the total amount of \$_____ (for Medicare Part C) and \$_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of \$_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of [my/Injured Party] Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

    v.    _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me/on my behalf/ on behalf of Injured Party against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

12.    _____I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in

the action has been provided by or through the Department of Corrections and Community Supervision.

## FUTURE MEDICARE STATUS

*Please initial next to the statements below that apply to your/Injured Party's future Medicare status.*

13. As of the effective date of the settlement or judgment in the Action:

a. _____ I/Injured Party am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):

   i. _____ I/Injured Party have not applied for social security disability (SSDI):

   ii. _____ I/Injured Party have not been denied SSDI and anticipating appealing that decision;

   iii. _____ I/Injured Party am not in the process of appealing or re-filing for SSDI;

   iv. _____ I/Injured Party am not 62.5 years or older; and

   v. _____ I/Injured Party do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14. As of the effective date of the settlement or judgment in the Action:

a. _____ I/Injured Party am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I/Injured Party do not reasonably expect my current incarceration to end within 30 months.

**OR**

15. As of the effective date of the settlement or judgment in the Action:

a. _____ I/Injured Party am not a Medicare beneficiary; **however,** I/Injured Party do anticipate that I/Injured Party will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

   i. _____ I/Injured Party do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

ii. _____ I/Injured Party do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/ Injured Party consent/s to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____ I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I/ Injured Party do not anticipate seeking medical treatment for the injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16. As of the effective date of the settlement or judgment in the Action:

a. _____ I/Injured Party am a Medicare beneficiary; and

i. _____ I/Injured Party do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

ii. _____ I/Injured Party do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/Injured Party consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I/Injured Party affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____ I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged.. Furthermore, I/Injured Party do not anticipate seeking medical treatment for injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of

Page 5 of 6

proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

iv. _____ I/Injured Party am/is incarcerated by the New York State Department of Correctional Services. I/Injured Party receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I/Injured Party do not reasonably expect my current incarceration to end within 30 months of the effective date of the settlement or judgment in this Action, I/Injured Party have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

I affirm under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: Buffalo, New York

April 15, 2026
Month, Day, Year

LESLIE STEVENSON

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID STEVENSON, et al.

Plaintiffs,

– against –

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION et al.,

Defendants.

**AFFIRMATION OF MEDICARE STATUS**

Case No. 21-CV-355

---

David Stevenson, affirms under penalty of perjury:

1.      I am the Claimant or the Plaintiff or the duly appointed fiduciary for the Claimant or Plaintiff in the above-captioned action ("Action").

2.      I submit this affirmation on personal knowledge as the Claimant or Plaintiff or as the duly appointed fiduciary for the Claimant or Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.      I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my/the injured party's Medicare status due to the injuries alleged in the Action.

4.      I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as Claimant or Plaintiff or duly appointed fiduciary for the Claimant or Plaintiff, required to:

   a.   reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my/injured party's injuries alleged in the Action; and

   b.   use the settlement or judgment proceeds in the Action to pay for my/injured party's future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.   I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6.   I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7.   I /injured party have/has been known by the following names (include all alias name[s], and/or former name[s]): DAVID STEVENSON. I acknowledge that I/injured party may be or was identified by this/these name(s) and all these names do, indeed, refer to me/injured party.

8.   I consent to OAG verifying my/injured party's Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9.   I affirm that:

   a.   The Injured Party's social security number is: █████████

   b.   The Injured Party's date of birth is ██████████

   c.   The Injured Party's gender is Male

   d.   If the Injured Party has a Fiduciary, the Fiduciary's mailing address is N/A

   e.   If the Injured Party has a Fiduciary, the Fiduciary's telephone number is N/A

## CURRENT MEDICARE STATUS

*Please initial next to the statements below that apply to your/injured party's current Medicare status.*

10.   As of the effective date of the settlement or judgment in the Action:

   a.   _____ I am not/injured party is not currently receiving, nor have I/injured party ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter "Medicare").

**OR**

11.   As of the effective date of the settlement or judgment in the Action:

   a.   _____ I am/Injured Party is/am a Medicare beneficiary. My/Injured Party's Medicare number is _____. I am aware of my/Injured Party's obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I/Injured Party received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand

Page 2 of 6

that reimbursement directly to Medicare may be made from the proceeds I/Injured Party receive/s from the settlement or judgment in the Action; and, with respect to

    i.    _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    ii.    _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

    iii.    _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    iv.    _____ Medicare (Part C and Part D) have confirmed that it/they will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of [my/Injured Party] Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

    v.    _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me/on my behalf/ on behalf of Injured Party against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

12.    _____ I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in

Page 3 of 6

the action has been provided by or through the Department of Corrections and Community Supervision.

**FUTURE MEDICARE STATUS**

*Please initial next to the statements below that apply to your/Injured Party's future Medicare status.*

13.    As of the effective date of the settlement or judgment in the Action:

a.    _____ I/Injured Party am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):
i.    _____ I/Injured Party have not applied for social security disability (SSDI):
ii.    _____ I/Injured Party have not been denied SSDI and anticipating appealing that decision;
iii.    _____ I/Injured Party am not in the process of appealing or re-filing for SSDI;
iv.    _____ I/Injured Party am not 62.5 years or older; and
v.    _____ I/Injured Party do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14.    As of the effective date of the settlement or judgment in the Action:

a.    _____ I/Injured Party am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I/Injured Party do not reasonably expect my current incarceration to end within 30 months.

**OR**

15.    As of the effective date of the settlement or judgment in the Action:

a.    _____ I/Injured Party am not a Medicare beneficiary; **however,** I/Injured Party do anticipate that I/Injured Party will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

i.    _____ I/Injured Party do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

Page 4 of 6

    ii. _____ I/Injured Party do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/ Injured Party consent/s to the payment of \$_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

    iii. _____ I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I/ Injured Party do not anticipate seeking medical treatment for the injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16. As of the effective date of the settlement or judgment in the Action:

    a. _____ I/Injured Party am a Medicare beneficiary; and

    i. _____ I/Injured Party do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

    ii. _____ I/Injured Party do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/Injured Party consent to the payment of \$_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I/Injured Party affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

    iii. _____I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged.. Furthermore, I/Injured Party do not anticipate seeking medical treatment for injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of

Page 5 of 6

proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

iv. _____ I/Injured Party am/is incarcerated by the New York State Department of Correctional Services. I/Injured Party receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I/Injured Party do not reasonably expect my current incarceration to end within 30 months of the effective date of the settlement or judgment in this Action, I/Injured Party have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

I affirm under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: Buffalo, New York

April 15, 2026
Month, Day, Year

DAVID STEVENSON